IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Barbara Marynowski, *Plaintiff,* | § § § | |
| v. | § § | C.A. No. 1:23-cv-413 |
| Southwest Geo-Solutions, Inc., *Defendant.* | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF, Barbara Marynowski, complaining of the conduct of Defendant Southwest Geo-Solutions, Inc. (d/b/a Geo-Solutions, Inc.), and for cause of action respectfully shows as follows:

### Nature of the Action

1. This cause of action arises out of Defendant's employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e–3(a). Plaintiff seeks back pay, front pay, costs of court, pre- and post-judgment interest, compensatory damages, punitive damages, liquidated damages, as well as an award of attorney fees. Plaintiff exhausted her administrative remedies by timely filing a charge with the Equal Employment Opportunity Commission (EEOC), which issued a right-to-sue letter.

### Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C § 1331 and 42 U.S.C. § 2000e, *et seq*.

3. The events out of which this suit arises occurred in Travis County, Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

Parties

4. Plaintiff is a woman who was employed by Defendant as a Marketing Manager and worked at both of Defendant's locations in Austin, Texas, Travis County, at the time of the events complained of in this suit. Plaintiffs was an "employee" as that term is defined in 42 U.S.C. § 2000e.

5. Defendant, Southwest Geo-Solutions, Inc. ("Geo-Solutions" or "Defendant"), is a construction materials wholesaler incorporated in the State of Texas and licensed to conduct business in Texas. One of its places of business is 4417 Burleson Rd., #1201, Austin, TX 78744 and another is 7011 Bee Caves Rd, Austin, TX 78746. Defendant is an "employer" as defined in 42 U.S.C § 2000e-(b).

Facts

6. In or around March 2018, Defendant hired Plaintiff as a Procurement Specialist in its administrative department. Initially, Plaintiff's job duties focused on processing payroll and calculating commissions, in addition to accounts receivable and payable, human resources, building vendor relations, maintaining inventory data, procurement work with a focus on purchase order processing, and basic marketing. In her first year with GeoSolutions, Plaintiff learned QuickBooks and helped automate several procurement processes. She revised the company handbook, initiated human resources training for staff, and led the transition to the company's new human resources partner, Insperity.

7. In or around 2019, Plaintiff began working for two other departments, Operations and Marketing. Plaintiff contributed substantively to the Marketing Department, which was

created after a reorganization. Plaintiff was not compensated for taking on these additional roles, or for performing duties beyond administrative work.

8. Defendant employed women primarily in administrative roles.

9. Defendant did compensate male employees for taking on additional roles and job duties.

10. In or around November 2019, Plaintiff was promoted to "Marketing Manager." Defendant did not provide a pay increase with this promotion, sales commissions, or other additional compensation.

11. Plaintiff was the only woman department manager without a "Director" title.

12. From approximately November 2019, Plaintiff led Defendants' successful marketing department and made substantial contributions to the company.

13. During her tenure with Geo-Solutions, Plaintiff never got more than one, $4,000 cost-of-living raise.

14. During her tenure with Geo-Solutions, Plaintiff never received a bonus above $500.

15. In these and other ways, GeoSolutions treated Plaintiff differently from the men at the company. Male staff and Directors at GeoSolutions consistently received raises and extra compensation for promotions or taking on new and additional job duties.

16. Geo-Solutions also stereotyped Plaintiff as one of "the ladies" on their administrative staff.

17. Sometime in 2020, Plaintiff complained that the women on the administrative

team were the only people at the company working in offices with no heat or hot water. Defendant did not respond.

18. In or around August 2022, Plaintiff made another complaint about sexually explicit, racially charged, and homophobic comments made during a Zoom meeting. Defendant responded that it would speak to the offender.

19. On or around September 30, Defendant abruptly terminated Plaintiff and also presented her a demotion offer option of a part-time, procurement position.

20. On or around January 5, 2023 a timely charge of discrimination was filed on Plaintiffs' behalf with the EEOC, EEOC Charge No. 451-2023-00538, alleging discrimination and retaliation in violation of Title VII.

21. On or around January 13, 2023, the EEOC administratively closed the charge and issued a right-to-sue letter, attached.

### First Cause of Action:  Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a)(1)

22. Defendant treated Plaintiff differently from the men at its company when it failed to compensate her for work performed, including for taking on additional job duties and roles, and by sex stereotyping. This different treatment on the basis of sex violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1).

<u>Second Cause of Action: Title VII of the Civil Rights Act of 1964,</u>

<u>42 U.S.C. Section 2000e–3(a)</u>

23.     Defendant terminated Plaintiff in retaliation for complaining about offensive conduct and Defendant's discriminatory treatment in violation of 42 U.S.C. Section 2000e–3(a).

<u>Relief Sought</u>

As a proximate result of Defendant's improper and illegal actions, Plaintiff has suffered damages. Plaintiff has suffered and will continue to suffer loss of wages and/or earning capacity, as a result of Defendant's discrimination.

Defendant's violation of Plaintiff's rights was conducted willfully, maliciously, with conscious or reckless disregard of Plaintiff's rights, and with a perceived risk that Defendant's actions would violate federal law. Plaintiff is therefore entitled to liquidated damages and punitive damages in an amount sufficient to deter Defendant's conduct.

Plaintiff is also entitled to the maximum amount of pre- and post-judgment interest, as permitted by law.

As a result of Defendant's illegal actions, Plaintiff has been forced to retain legal counsel to remedy Defendant's wrongful and illegal acts. Plaintiff is entitled to recover all reasonable and necessary attorneys' fees and expenses incurred in preparing and maintaining this action.

<u>Jury Trial</u>

Plaintiff requests and demands a trial by jury.

<u>Prayer</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff be accorded damages as sought herein, including compensatory, liquidated and punitive damages, reasonable and necessary attorneys' fees, court costs, pre- and post-judgment interest, appropriate declaratory and/or injunctive relief, including back and/or front pay, and a prohibition on further acts of retaliation, and all such other further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully Submitted,

<u>*/s/ Sarai King*</u>
Sarai King
TBN: 24134381
sking@ddollaw.com
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com

DEATS DURST & OWEN, PLLC.
8140 N. Mopac Expy, 4-250
(512) 474-6200
(512) 474-7896 (Fax)

*Attorneys for Plaintiff*